UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

PETTER INVESTMENTS, INC.

      Plaintiff,

v.                                         Case No. 1:11-CV-207

HYDRO ENGINEERING, INC., and        HON. GORDON J. QUIST
HYDRO ENGINEERING
EQUIPMENT & SUPPLY CO.

      Defendants.
_____/

## OPINION REGARDING PARTIES' MOTIONS FOR SUMMARY JUDGMENT

Defendants/Counterclaim Plaintiffs ("Hydro") move for summary judgment against Plaintiff/Counterclaim Defendant ("Petter"), requesting that the Court hold that: (a) Petter's redesigned wash pads continue to employ an impervious top as recited in the claims of Hydro's U.S. Patent No. 6,779,591 (the "'591" Patent); and (b) that Petter's wash pad installation for the Borough of Manasquan, New Jersey (the "Manasquan installation") infringes the claims of the '591 Patent. Petter also moves for summary judgment, requesting summary judgment on the meaning of "impervious top" and of noninfringement of the '591 Patent, as well as Hydro's U.S. Patent Nos. 7,258,749, 7,540,295 and 7,530,362 (respectively, the "'749", "'295", and "'362" Patents).

For the reasons set forth below, the Court will grant Hydro's motion and deny Petter's motion.

### I. BACKGROUND

**A.**    **Litigation History**

The instant case is a continuation of a prior patent infringement case between the parties before this Court, Case No. 1:07-CV-1033 (the "2007 Case"). In the 2007 Case the Court granted

Hydro's motion for summary judgment of infringement, holding that Petter's "water channel" wash pads infringed certain claims of the '591 and '749 Patents. Following that ruling, the parties settled the case and agreed to the entry of a Permanent Injunction. At some point before or after the 2007 Case was dismissed, Petter redesigned its wash pads into what Petter now refers to as a "pervious" wash pad. On January 31, 2011, after learning of Petter's new design, Hydro filed a motion to hold Petter in contempt in the 2007 Case, alleging that Petter's new design continued to infringe and violated the Permanent Injunction.[1] The Court held a hearing on the motion, and on July 18, 2011, entered an Opinion and separate Order denying Hydro's motion. In denying the motion, the Court concluded that Petter's redesigned wash pads were more than colorably different from the adjudged infringing wash pads, such that infringement should be determined in a separate action. The Court also concluded, however, that Petter's redesigned wash pads do not infringe Hydro's patents because they do not meet the impervious top limitation. The Court subsequently granted Hydro's motion for reconsideration and vacated that portion of its July 18, 2011, Opinion finding that Petter's redesigned wash pads do not infringe Hydro's patents.

Petter filed the instant lawsuit on March 2, 2011, in response to Hydro's contempt motion in the 2007 Case, alleging claims for declarations that its "pervious" wash pads do not infringe the '591, '749, '295, and '362 Patents.[2] Hydro responded by filing counterclaims for infringement of the '591 and '749 Patents.

---

[1] The January 31, 2011, motion for contempt was Hydro's second motion for contempt. Hydro filed its first motion for contempt on June 24, 2010. (2007 Case, Dkt. no. 348.) That motion was referred to Magistrate Judge Brenneman, who held a hearing and issued an Order of Proceedings, which directed Petter to take certain actions and indicated that Hydro would be entitled to some costs and fees in bringing the motion. (2007 Case, Dkt. no. 366.) However, Magistrate Judge Brenneman made no finding of contempt in that order.

[2] In an Opinion and Order entered on November 2, 2011 (Dkt. no. 86), the Court granted Hydro's motions to dismiss and for summary judgment on Petter's claims for declarations of invalidity of the '591, '749, '295, and '362 Patents.

2

**B.     Petter's Infringing Wash Pads**

Petter's infringing wash pads at issue in the 2007 Case were of two types, both of which had a side trough for collecting the spent wash fluid and debris. The first type of wash pad had an impervious top with "water channels" and the second type of wash pad had an impervious top without "water channels." (2007 Case, Dkt. no. 329 at 5.) Regarding its water channel wash pads, Petter explained, "the top of the wash rack is constructed of a steel diamond plated sheet having channels that are disposed at selected regions below the diamond plated sheet." (2007 Case, Dkt. no. 218 at 3.) Petter's Hutto, Texas and Tulsa, Oklahoma installations exemplified installations of side trough wash pads with water channels. The Court concluded that Petter's water channel wash pads infringed claim 15 of the '591 Patent. In doing so, it rejected Petter's claim that its water channel wash pads were not impervious because a gap between the steel diamond plated sheet and the water channels allowed some water to pass underneath the top of the wash pad. (2007 Case, Dkt. no. 329 at 10-12.) The Court further concluded that Petter contributorily infringed the '749 Patent through its sale of side trough wash pads with and without water channels. (*Id.* at 14-16.)

**C.     Petter's Redesigned Wash Pads**

Petter redesigned its wash pads in two respects. First, while the redesigned wash pads still incorporate water channels, or grooves, the water channels are spaced closer together and are covered by steel diamond plating with uniformly-spaced lines of holes centered over the water channels. (Miller Decl. Ex. 1, attached to Hydro's Br. Supp. as ex. D.) The second aspect of the redesign is that the trough has been moved from the side to the interior and toward the back of the wash pad, such that it would be perpendicular to a vehicle placed on the pad for washing. (*Id.*)

**D.     The Manasquan Installation**

The Manasquan Installation appears to be Petter's only post-Permanent Injunction installation of its redesigned wash pad which continues to employ a side trough. In other words,

although that installation incorporates Petter's redesigned top with continuous steel decking and holes over the water channels, spent wash fluid and debris continues to drain into a trough located at the side of the wash pad, as was the case with the prior infringing Tulsa installation. (Hydro's Br. Supp. at 12.)

## II. Discussion

**A.     Hydro's Motion For Summary Judgment**

In its motion for summary judgment, Hydro requests that the Court determine that Petter's redesigned wash pads continue to employ an impervious top and therefore meet that limitation in claims 1 and 15 of the '591 Patent. Hydro further requests summary judgment of infringement with regard to the Manasquan installation.[3] Given that Petter does not dispute that the Manasquan installation employs the same side trough as the infringing Tulsa installation, the sole issue is whether Petter's redesigned wash pads meet the impervious top limitation.

Determining whether a patent has been infringed involves a two-step process. First, the court must construe the claim to determine its proper scope, and second, the court must determine whether the properly construed claim covers the accused device. *Bai v. L & L Wings, Inc.*, 160 F.3d 1350, 1353 (Fed. Cir. 1998). The Court has construed the term "impervious top" to mean the impervious structure resting on the support base that can consist of a combination of elements with upper and lower portions. In light of this construction, the Court concludes that Petter's redesigned wash pads meet the impervious top limitation as set forth in claim 15 of the '591 Patent.[4] The pertinent claim language provides:

---

[3] Hydro's motion, which was filed before the Court issued its order denying Hydro's motion for contempt in the 2007 Case, requested that the Court rule that Petter's noninfringement claims are barred by claim preclusion. Because the Court has concluded that the issue of infringement should be determined in a separate infringement action rather than a contempt proceeding, the Court declines to apply claim preclusion and will consider infringement anew.

[4] The Court does not conclude that claim 1 is infringed because it is not clear that the new top meets the undulating limitation. In its infringement opinion in the 2007 Case, the Court concluded that it could not decide infringement regarding claim 1 on summary judgment. The Court reaches the same conclusion here.

4

> an impervious top comprising: (a) spaced generally transversely directed ridge portions upon which vehicles, and other items are supported in load-transferring relation for exterior cleaning using a cleaning liquid; and (b) impervious generally transversely directed sloped drainage corridors disposed below the ridge portions into which used cleaning liquid and removed debris collectively flow, each drainage corridor being sloped toward at least one side of the pad . . . .

('591 Patent, col. 7, ll. 28-38.)

Petter's redesigned top meets these limitations and is therefore an impervious top. The top has upper portions, on which the vehicle to be washed rests, and lower portions – drainage channels – disposed below the upper portions. In fact, Petter's own description of its prior water channel wash pad – "the top of the wash rack is constructed of a steel diamond plated sheet having channels that are disposed at selected regions below the diamond plated sheet," (2007 Case, Dkt. no. 218 at 3), also describes its redesigned top. In addition, the impervious structure, consisting of the steel plated decking with attached water channels, sits or rests upon the support structure. Moreover, Petter's new top is even more impervious than the old top because the water channels are attached to the steel decking so that they are water tight. (8/17/10 Contempt Hr'g Tr. at 77.) In fact, wash fluid and debris still flows from the diamond plated steel sheeting into the drainage channels, just as it did in the prior infringing design. The only difference is that the channels are exposed through small openings rather than a gap between the diamond plating surface. This difference is immaterial because Petter's new top is still impervious. Accordingly, Petter's new wash pads meet the impervious top limitation, and Petter's Manasquan installation infringes claim 15 of the '591 Patent.

**B.    Petter's Motion For Summary Judgment**

Petter moves for summary judgment of non-infringement based on the meaning of impervious top. Petter filed its motion after the Court issued its ruling on the contempt motion in the 2007 Case but before the Court reconsidered its noninfringement conclusion in the contempt ruling. Petter's motion is based entirely upon the Court's prior construction of impervious top.

Because the Court has withdrawn its prior construction, Petter no longer has a viable basis for its motion.

### III. CONCLUSION

For the foregoing reasons, the Court will grant Hydro's motion for summary judgment re: impervious top and deny Petter's motion for summary judgment on the meaning of impervious top and of noninfringement.

An Order consistent with this Opinion will be entered.


Dated:  November 16, 2011                        /s/ Gordon J. Quist
                                            GORDON J. QUIST
                                        UNITED STATES DISTRICT JUDGE